***Petrick v. Diaz-Sabas et al***, Civil Action No. 16-cv-00182-REB
Jury Instructions
List of implicated instructions and supporting conclusions of law

I.  Principles of law

A.  Defendant Collins is no longer a defendant.  Because defendants have stipulated that defendant Diaz-Sabas was acting in the course and scope of his employment at the time of the accident, only AZ Asphalt, LLC, is potentially liable for his negligence via *respondeat superior*.   Mr. Collins could be liable only if there were evidence sufficient to pierce the company veil and show that AZ Asphalt was the alter ego of Mr. Collins.  However, there is not a sufficient evidentiary basis for the jury to conclude that AZ Asphalt was the alter ego of Mr. Collins.

B.  Any injuries, damages, or losses of the surviving, adult children of Dale Thomas (Leah and Jake Thomas) are not properly included for consideration by the jury.  Ellen Petrick brings this claim under §13-21-201(1)(a), C.R.S., which provides that in the first year after death, a claim for wrongful death may be brought, *inter alia*, by either "the spouse of the deceased" or "***[u]pon the written election of the spouse***, by the spouse and the heir or heirs of the deceased." (Emphasis added) §§13-21-201(1)(a)(I) & (II), C.R.S.  This case was filed on January 25, 2016, within one year of the death of Dale Thomas, but there is no evidence or argument that the required election has been made in this case. Neither the initial complaint [#1], the amended complaint [#45], nor the **Final Pretrial Order** [#58] names or refers to the surviving adult children of Dale Thomas.

C.  The **Final Pretrial Order** [#58], filed May 24, 2017, relying implicitly on the relevant averments of the amended complaint, preserves independent and direct claims against AZ Asphalt for its alleged negligence in entrusting the truck and trailer to an untrained, inexperienced, unlicensed, minor driver and/or in failing to first properly inspect the truck and trailer (***see*** FPTO page 2, penultimate sentence).  AZ Asphalt's counter argument (***see id***. page 4) that such claims are barred by ***Ferrer v. Okbamicael***, 390 P.3d 836, 844-46 (Colo. 2017), is belied by the following excerpt from ***Ferrer***:

> We note the ***McHaffie*** rule does not apply where the plaintiff's injuries are not in fact caused by the employee's negligence. For example, if an employer is aware its vehicle has defective brakes yet allows an *846 employee to use it and the defective brakes cause an accident, the rule would not apply. The unknowing employee was not negligent, and the employer could not be vicariously liable. "[T]he means of imposing liability on the owner would be through his own negligence of lending the car with bad brakes, i.e., negligent entrustment." *Clooney*, 352 So.2d at 1220; see also *Willis v. Hill*, 116 Ga.App. 848, 159 S.E.2d 145, 159 n.6 (1967), rev'd

on other grounds, 224 Ga. 263, 161 S.E.2d 281 (1968). In that situation, the employer's own negligence is both the independent and direct cause of the plaintiff's injuries, unconnected to any negligent act of the employee.

*Ferrer*, 390 P.3d at 845-46.

     D.  Plaintiff did not plead in the original complaint [#1] or the amended complaint [#45] a claim for exemplary damages against AZ Asphalt. Further, such a claim is not preserved in the Final Pretrial Order [#58]. *See* FPTO at page 3 (which refers to the claims for exemplary damages pled in the Amended Complaint).

II.  Jury instructions implicated

- No. 2:

    - Page 1, paragraph 4: added "Plaintiff contends defendant AZ Asphalt, LLC was negligent because it allowed Mr. Diaz-Sabas, an untrained, inexperienced, unlicensed, minor driver, to drive the truck and trailer without an operational right turn signal and right brake light and without first properly inspecting the truck and trailer."

    - Page 2: Penultimate paragraph re: defenses of AZ Asphalt. Excised second half of second full sentence, which read ". . . and denies that it acted in a willful and wanton manner concerning this accident."

- No. 14: the final paragraph was reworded to read, "However, if the evidence warrants, you may find for the plaintiff, Ellen Petrick, on her claims that the defendant, AZ Asphalt, LLC, was itself negligent in entrusting the truck and trailer to an untrained, inexperienced, unlicensed, minor driver and/or in failing to first properly inspect the truck and trailer."

- No. 17 was incorporated into Instruction No. 25, and Instruction No. 17 now reads "There is no Instruction No. 17."

- No. 29: paragraph 2 was reworded to include the stipulated amount of economic loss for Dale Thomas of $58,300.

- No.32: revised to refer only to defendant Diaz-Sabas.

- Verdict Form: eliminated questions 12 and 13 concerning punitive damages against AZ Asphalt.

- References to Dale Thomas's adult children, Leah Thomas and Jake

Thomas were removed from Instructions No. 12, 13, 14, 26, 27, 28, 29, and 32 and the Verdict Form